Daniels v. Solomon&Solomon,P.C I'd like to reserve four minutes for the second part. A debt collection letter sent from a law firm is an implied threat of legal action. Wait a minute though, let's go back to what the letter here is. The letter in this case said this is from a debt collector. Correct. Right? That's what the letter says. Correct. Every debt collection letter that goes out in the state of New Jersey will have that language in it. Because it's a disclaimer. Exactly. It's a statutory language that has to be in there. It's got to be in there whether you're a law firm or whether you're a debt collector or any type of collection letter that's going out to a consumer. So the only way this letter would be known by the recipient to come from a law firm would have to go to a website, to yet a different website, correct? No, I wouldn't agree with that. Is it only that you rely on the P.C.? No, I rely on the totality of all of the words in the letter and the website itself. What do you say in those words? For example, if you look at the letterhead to start with, the letterhead is Solomon, Solomon, P.C. It's common knowledge that P.C. stands for what? Professional Corporation. Very limited on who can use P.C. Who can use P.C.? Architects? Engineers? Doctors? Correct. Does that denote automatically that it's from a lawyer? I would agree with that, but let's look at it a little bit deeper. Who else is sending a debt collection letter on behalf of Niagara Electric Company to Ms. Daniels? I don't think Niagara Company hired the architects to send out debt collection letters. I don't think Niagara Electric Company hired the health care provider to send out a debt collection letter. In addition to that, when you read the letter in its entirety, the letter instructs the consumer to act now, it's urgent, contact us. I'm only here because what would they expect me to say? I'm going to take a ton of your letters here. We may go out to a meeting this year, next year, maybe you can get around to adopting them. I can't tell them how to rewrite the letters. If you were in the collection, how would you write a letter? You want to pay it. It's a collection letter. Sure. Let's resolve this matter. I don't have a problem with them telling them to contact us. I have no problem with that. In fact, the debt collection company wants you to call so they can work out some kind of a payment plan so you can call and talk about the debt. But the argument here is that they have to tell the consumer that it's a law firm. And they do tell the consumer it's a law firm. They tell them in the name. They tell them in the letter. And in the letter, it also tells them to go to the website. So opposing counsel's position. Where did they say in the letter that this is from a law firm? Excuse me? Where did in the letter they say it's from a law firm? I think if you read the letter in its entirety, it's obvious that it's from a law firm. We're on a plane. We've all read it. Okay. Solve it and solve it with PC. They're not an architectural firm. They're not a health care provider. They're not an accounting firm. They didn't say they're a law firm. Excuse me? They never said they're a law firm. They didn't explicitly say they're a law firm. But if you read the letter and you follow their instructions and you go to the website as they tell you to do, it makes it very clear that they're a law firm. They tell you to go to the website to pay, but you don't go to the website and you don't want to pay. That's not necessarily so. That's not necessarily so. They also told you to e-mail them at the website. They also tell you to call them at a toll-free number as well. So we live in an age today where we are very technologically advanced. And this goes back to the Douglas case where there was a case that a debt collection letter came out in a window envelope and it had a QR code in it, a scan code in it. And today's world is very common. You would pick up your cell phone and you would scan it. You didn't have to tell somebody to do it. They just automatically did that. And what happened was that private information popped up. So I think a debt collector who chooses to use the technology today, such as websites, such as QR codes, it can't be a surprise that a consumer would use the same technology. Now, you want us to incorporate the website into the letter, correct? I think the website absolutely has to be incorporated into the letter. But you didn't give us the website. We don't have the website. The website doesn't exist on April 4th, 2016. Nor do we have any description in the complaint as to what it is that was in that letter, that website that would make you say that it was in the complaint. It's not there. We cited the website in our complaint. Okay? I don't think there's been any – I don't know that it's been cited in the complaint. No, I don't believe that. If you look at the complaint, I can look up the paragraph for you, but we talked about the website in the complaint. We talked about the website in the complaint. We mentioned that there's a website, then we did the website. I don't see the website address. I'll just read you paragraph 31. According to Solomon P.C.'s website, Solomon P.C. are only able to litigate accounts in New York, New Jersey, Massachusetts, Connecticut, and Rhode Island. Yes. That's the only allegation about the website in the complaint. Can you represent to the court that that's how it read in April of 2016? Yes. You're absolutely positive it didn't read differently. Like, say, for example, it says, and we associate with lawyers with other parts of the country. I can't testify to every single page on the website. I can testify that it said what you said, okay, that it has lawyers in those particular states. I don't think it's a disputed fact that Solomon P.C. doesn't have a licensed attorney there, okay, in Pennsylvania. Referring it to an outside counsel is very different, okay? They didn't refer it to an outside counsel when they sent the letter. The letter is an implied threat or an implied implication that the attorney is doing something to it, okay? Where, again, is that in the letter? Even if we incorporate the payment website, which we don't have in front of us, as a matter of the record, where is there some implication a lawyer was involved or there was a threat of litigation that could not have been sustained? Well, I think the letter itself, I think any communication from an attorney is an implied threat of litigation. You're assuming that it comes from an attorney. Correct. And anything that comes from an attorney is an implied threat that there is legal action, there's penal legal action could happen, and that's been established. Well, the letter does not indicate. You're saying the letter is from an attorney. There's nothing in the letter saying it's from an attorney. They don't use the words attorney. What word in the letter shows that there's an attorney? I think two things. First, it's going to be a debt collection letter being sent to you by a professional corporation. I don't know of any architects that send out debt collection letters. Okay, I'm looking just at the letter. That's what the statute deals with. That's what the cases deal with. Well, I think we have to look beyond the letter, and there's cases that have looked just beyond the letter itself. And secondly, you said two things in the letter. Okay, the second thing is the website in the letter. I think you have to include the website. We don't know what that is. It's not a complaint. We don't know what the website is. I would submit if the opinion was solely – if the dismissal was solely based on that, then the dismissal should have been without prejudice and gave the plaintiff the opportunity to replead. Okay, that wasn't what happened in this case. No, the district court didn't think it should be incorporated, correct? Correct, and the district court dismissed it with prejudice. I would argue if that's the basis for this panel's decision or the local court's decision, that it should have been dismissed with prejudice and the plaintiff should have been given the opportunity to replead. That isn't what happened here. Was there a request before the district court? No, there was not. We read the opinion. I think we understood where the judge was coming from, so we decided to appeal right away. Okay, but I just want to touch again on incorporating a website because there's precedent for that. We have done that before. We did that in the Douglas case. But Douglas was different, wasn't Douglas the QR case? Yes, but – But now it's a privacy issue and it was a different provision of the court. But it does show. It shows that a court can look beyond just the four letters, just the four corners of what's on the letter itself. Not in the collection case. Not in the collection case. You're dealing with the law. The law says you look at the collection case. Douglas was a collection case. Douglas was a collection letter case that you had to take a third-party scan phone, iPhone, and scan the QR code to pop up this information that wasn't in the letter, that was coded. And what it shows is that we used technology to do that. Why is that any different than somebody going to a website? Nobody chooses to use technology. They can't. They can't. All the consumers use it. That would be if we had a website that's a 12B6. That would seem, at least for my purposes, that would be awful. But without the website, and I've gone over that again this morning, not to the website but to the payment site, but we don't know what's there now is what was there back in 2016 when this letter was sent. I would submit if that's the basis, then the matter should have been dismissed without prejudice and the plaintiff should have been given the opportunity. But you just said you didn't ask for that opportunity. You took an opinion on a payment system. We decided to take an opinion right away on it. We stole it. You can't fault the district court for not giving you an opportunity to do something you never asked for. I'm sorry? You can't fault the district court for not giving you an opportunity to do something you never asked for. If you didn't ask to replete it to amend the complaint, and you're saying, well, and so it was dismissed without prejudice when you really did not say let us amend the complaint. Well, typically in the district, down in the district, if it's a pleading issue, normally if it's going to be dismissed, it's almost always dismissed without prejudice. And that just wasn't what happened in this case. When we read the opinion, we still thought to this day think that the judge got it wrong. I looked at that letter, and I looked at lots of letters. That's an undisputed fact. Is there a law firm that does anything other than debt collection? Solomon & Solomon? I don't think they do anything beyond debt collection. And I can tell you that. I would bet you that the person who answers the phone when you call there, when you call the Total Freedom, they tell you to call, gets paid through Solomon & Solomon, the law firm. I would bet you that the commission that they get paid on the debt collection that they do in Pennsylvania without their not even licensed in, I bet you that commission goes into the general operating law firm's business account. They're operating as a law firm. And the argument here is that if they're operating as a law firm, they have to tell the consumer to operate as a law firm. There's suggested language that's out there on a whole string of cases. I don't necessarily agree with the language, but it's out there. And it goes something to the effect that no attorney would just write this law firm as personally review the individual particular circumstances of your case. That at least tells the consumer that it's a law firm. Okay, they're not going to sue me yet. Nobody's really looked at it yet. But at least they kind of know what's going on. There's a difference between a debt collector and a law firm, okay? And it's been cited, and I think this court itself has cited this in at least two different cases, that just including language that this communicates as from a debt collector doesn't nullify the fact that the letter, that it's from a law firm and it has the implied implication from the law firm. Being a debt collector and being a law firm are not mutually exclusive. That's exactly right. And so let's assume that the debtor was advised that they're in debt collection, they're engaged in debt collection, and that's all the law firm does is we are engaged in debt collection. There's nothing misleading about that. Well, there is in some instances. How is it misleading if all they do is debt collection? I'll tell you how it would be misleading. In Pennsylvania it would be misleading, and the reason why it would be misleading in Pennsylvania is that when a letter comes from a law firm, there's an implied threat that they can take legal action. They cannot take legal action in the state of Pennsylvania because they don't have an attorney on staff that's placed in Pennsylvania. If the operative website said, and we have a host of lawyers outside of the five states we've identified who can bring suit, that's telling the reader, hypothetically, that they can bring suit in Pennsylvania. So it's not false. Lawfully still disagree with that because Solomon & Solomon can't bring that suit. They have to give it out to somebody else, and then it would come from Pressler & Pressler or whatever the next law firm is going to be. But Solomon themselves cannot bring the lawsuit. So if it's an implied threat that they themselves cannot take, it's a false threat of an action that they can't take. Solomon & Solomon in no way can make file a lawsuit here. Now, granted, they can hire a local counselor and come to Pearl High Beach, but at the time they sent that letter and gave the impression that it's from a law firm, they could not file a suit in the state of Pennsylvania. And that, again and again, if you go back to Lesher, basically tells you that they can't do that. That's a false threat of action that they cannot take. But the consumer who reads this letter doesn't know that. They get this collection letter from Solomon & Solomon law firm. They read it. They question the amount. They go to the website. They find out about this law firm. They don't know that. They don't know that no attorney with that firm can actually bring out a lawsuit. They think they can. The least simplistic case is where it gets a letter from a lawyer. We in St. Gardner deserve some time for rebuttal. Thank you. Good afternoon. My name is Bill McDevitt. I'm with the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker, P.C. I have the pleasure of representing Solomon & Solomon, P.C. I'd like to open based on the last argument and say that I wholeheartedly endorse Judge Sirk's opinion in this case, finding that this letter wasn't violative of the FDCPA. Could it be a scenario where, and maybe this isn't the case, but where the letterhead says P.C. or something similar that the average or the least informed consumer would automatically assume that it is, the chances are this is from a lawyer or, in fact, it is from a lawyer. And then within that letter, in the letter, perfectly polite, very, very gracious, Sir, we're sorry that your debt to us suggests that you might be incurring some financial difficulties. We commiserate with that. We understand that hard times come across, folks. If you'd be so kind as to go to our website, we can kind of help you work through your financial difficulties in a way that will allow you to satisfy your obligation to us. If you go to the website and there's all kinds of stuff that jumps right at you, telling you that if you don't have a check in the mail, certify check in the mail within the next number of hours, your house is going to be foreclosed on, your youngest is going to be, all kinds of rules. I think you'd agree, maybe you wouldn't agree, but I think you'd agree in that context, the website is so tied to the purpose of the letter that for purposes of the act, you have to look at both to determine whether or not there's been a violation of Subsection 3. Okay, Your Honor. I'd like to break your question into two parts because I think... I mean, it went on for a bit, but I think I can kind of get into two sections. The first section was if it said PC. Right. And if it said PC on the letterhead, if it identifies, as you see with legal letterhead, these are all the attorneys that we have in the firm. These are the states that they're licensed in. And it uses the firm itself as some sort of pressure to the person. I haven't seen most, but the third one I'm familiar with, doesn't always tell you where they're licensed. In fact, some of the purposes are vague. They can't tell you where they're licensed. I agree, Your Honor. But in all of the cases in which it was held that using legal letterhead is coercive, and this is what the touchstone is in the FDCPA. Before somebody makes a decision about what they're going to do about this debt, is this letter communicating something to them to freak them out, to make them say, we're going to do something. Well, it's saying it when you said coercive. You're not saying freak them out. It's totally coercive, which I think is somewhere on the scale of totally being freaked out. Okay. With putting PC on there or some indication that it's from a law firm, would that be coercive? I don't believe that putting PC alone without some other indicia that this is a law firm communicates to the common consumer or the least sophisticated consumer. If it did, number one, this is 12B6. Okay. One is that initial fact. Even beyond that, let's just focus on you said some other information to communicate that this is a law firm. If PC in and of itself was sufficient to communicate that it is a law firm, and if the firm is not licensed to practice in Pennsylvania, and one of the claims they have is under subsection 3, the other claims it seems to me are just not valid, at least under subsection 3 of the statute, is that sufficient to withstand the 12B6 dismissal? Maybe that's a stubborn judgment, but is it a 12B6 dismissal? Well, on 12B6 it is the trial court has the discretion to look at the least sophisticated consumer standard and say that they're not going to forward bizarre or idiosyncratic. The trial court has the discretion to say PC isn't enough. And Judge Sirk correctly said that PC isn't enough by itself to tell anybody because a professional corporation, and this is a professional corporation. There was some reference to New Jersey. It's a New York corporation sending a letter into Pennsylvania. I don't know that the least sophisticated consumer sees PC and knows all of the different companies who may be acting as fiduciary, which is usually the – What if they said Solomon and Solomon are attorneys at law? Solomon and Solomon are attorneys at law. What if the letter said that? Would that be different? Solomon and Solomon are attorneys at law. Then I believe we would be looking at a different case, and we would be looking at whether attorneys at law prompts the least sophisticated consumer to take an action that they would not take if it didn't say attorneys at law. Okay, so we have a letter, and it's got a website in it, and one clicks on the payment. Takes me to the payment page. Yes. We don't know what the payment page looks like in April of 2016, but let's say hypothetically it said nothing about the law firm. You would say you're still within the act. That would be your position, correct? That would be our position, and that would go back to the second part of Judge McGee's hypothetical that I was going to address, which was – You're going to totally destroy it. If I'm that good. You are. Thank you. If the communication is directing the consumer to get information before they're making a decision from the website, and I think that's what was set up there, hey, so-and-so, you owe this much money to Niagara Power. Please go to this website to find out more information about your debt and how to resolve it. And then the website had things on it that violated the FDCPA, and we would be examining the website as a communication. We would be looking at the website functioning as a letter, and we would judge the website under the same standards that we would judge a letter. Okay, but you just said that if the letter had said Solomon and Solomon Attorneys at Law, that would be coercive. Okay. It's not there. Yes. I think that's what you said. So then we go – we don't have that in this case, but we have a jump site to a webpage. That's the payment page. And say hypothetically there's nothing on that page that tells me it's from a law firm. Okay? But there's another hyperlink on that, and I can click on that, and that tells me it's from a law firm. Doesn't the existence of this incorporated website do what you say the Act prohibits, which is using the power of a law firm to encourage payment? I'm just struggling with the hypothetical because, as Judge Callum had noted earlier, if you're going to this website because you've already decided to make a payment, then you're kind of beyond what we're looking at. If you're not going to the website because we've directed you to, and as you go there and go from one to the other, if there's an extra hyperlink there that gives you other information and nobody's directing you to use it, if it's see important disclosures before you make a decision, then what we would then be doing is looking at what's on that page. Okay. So your position – tell me if I'm correct about this. Is it your position this particular letter should be judged based upon the words on the page and, if we had it in front of us, the website for the payment website, not the entire firm website? It wouldn't be the entire firm website any more than it would be if they Googled Niagara Power and said, well, how often do these folks actually sue people to enforce these debts? That's an independent investigation and doesn't have anything to do with the communication from my client to them. If we had the situation where we knew what was on the site or that there was even an allegation that the plaintiff here looked at that site, then we would then examine and see, hey, does this site – are there things on this site that violate the FDCPA? Is there something here where there's some coercion going on? And I'd like to remind the court that, besides the decision not to replead the case, the case was originally pled as a class action, and one of the reasons why it may not have been repled, I'm just supposing here, is that you would have to look and see, well, did each person go on to this website? Which of the people who received the letter went to the website? Which of the people who went to the website hit the hyperlink? And that undermines the entire thing. What makes this case different than the QR cases, though, where you scan it, you see it's a collection letter from the – so instead of a scan, it's a website you're opening up? Well, there's two issues with the QR case. One is that the QR cases were about the prohibition on the FDCPA for having information on the outside of an envelope that might indicate to other people that this was a debt, because you don't want a debt collection company to try to shame people into paying their debts because their neighbors or somebody else in the house can see it. Now, the QR code, going to the next part of that, you can't have that on the outside. There was a use of the QR scanner, and the QR scanner found local information, which was the file number of the case for the debt collector, the idea being if they got returned mail and they didn't want to open and shell the mail, they just wanted to process what it was, they could scan it and they would know what went back quickly. It was determined by a lower court that perhaps – and this was on a motion to dismiss again and a remand on that, or I believe it was a remand – that perhaps that information might be personal information. There was never a determination in any of those QR cases that the internal file number was sufficiently protected information or that it would tell some other person that this person had a debt, only that it was improper that it could be read on the outside, even if someone was more or less illegally taking your mail and scanning it with a phone. So is it your position then, as it relates to this letter, that because there's no allegation in the complaint that the plaintiff personally looked at the website, this case should fail, at least on those grounds, there's no standing, because there could be no injury from that, if the letter itself is not problematic? If the letter was problematic, if there was some allegation that they went to the website… If they went to the website, it would be fine. It would have standing if the website intimidated, coerced, etc. But if there's no allegation the plaintiff personally looked at the website, is it your view? There would be no standing to rely on the… There would be no standing to say that something on the website violated the FDCPA. We'll tell you we agree with that, and that's our disposition of this case, as is. But are we then at leave to… Are we forced to say that the district court, having dismissed it on that basis, should have also given leave to amend the complaint and make whatever… Even though it appears the plaintiff stood on the complaint and didn't ask for leave, should the district court sort of sponky, so to speak, or dismiss the case based on that type of reasoning, or give the leave to amend automatically in the dismissal without the plaintiff asking for leave? Well, the… That's his position. The position of the court was to look at the letter and not look outside the letter. And there's never been… We don't question that. We agree with that. But the plaintiff's position is if that was the district court's position, he should have got leave to amend automatically to the district court, even though he himself stood on the complaint. He felt he had enough. He didn't ask for leave to amend. Well, the court had the discretion to dismiss with prejudice, and I don't think it was an abusive discretion to dismiss with prejudice. I don't think that it would have been automatic, which is what I'm surmising that the case… The position is the district court, having dismissed it for the reason it dismissed it, should have automatically given leave to amend, or at this point we should remand it back with leave to amend. I don't believe… I believe that the request for leave to amend was waived. I don't think that there is standing to say that it should be automatic when the… I don't think that the right was a dismissal without prejudice, and that that right can be somehow reclaimed even if it wasn't requested by the plaintiff. It was an allegation. It's not argued that there's an abusive discretion here by the dismissal without prejudice. I'm not seeing that. Okay. It came up today, but not in the brief. Well, I don't believe that there's any question in the brief about repleting the case or there was any argument that they should have been allowed to replete the case in the appellant's brief. So it was not only waived at the district court level, it's waived at the Third Circuit before your honors. If the letter… Let's say hypothetically we have a website in front of us, and the payment website said Solomon & Solomon is a collections law firm. Would that make this letter problematic? Because the letter says we're debt collectors. I think that that would have to be judged separately. I don't think that it makes the first letter problematic because as the letter is drafted, the decision is made before you go to the payments page. If there was something wrong with that page, if something that would have had to have been assessed differently to the extent that the court found that that was a communication addressed to this debtor. You're saying if this letter was drafted, you could have a letter drafted differently, which drives traffic to the website, then you'd have to look at the website along with the letter as soon as the fee was violated. I believe so. Just as you would have to look at a letter front to back to see if some of the language on the front is overshadowing some of the language on the back. You look at the actual communication because that's what the FDCPA does. So you don't object to the concept of incorporating, by reference, a website to which a recipient is directed? I don't have a problem with it. I think that that opens up the door to looking at each page of the website that the person has examined and putting it through the same analysis under the FDCPA that you would put any other communication through. That depends. I think that's what you were saying before. It's a very good point. Whether or not the letter drives the person or suggests in a coercive, close call way to go to the website is worth just putting the citation of the website in the letter. I know that most folks are going to go there, but you're not telling them to go there because maybe they're going there to pay, in which case, as I think one of my colleagues said earlier, or maybe you said, the decision is really made to pay and there couldn't be a violation then under the Act. Correct. I'd rely on Jensen v. Pressler and Pressler, 791F3-413, which is a Third Circuit opinion from 2015, and an unreported Gomez v. Oxford Law, LLC, 657FedAPPX, Appendix 141, Third Circuit, 2016, both of which I believe are cited in our brief. Which state that the touchstone is this abusive in that it prompts, it unreasonably prompts an action? It's okay if I just follow up. So with your position that a website could be incorporated, then didn't the district court make a legal error in saying it couldn't be? The district court would have made a legal error if there was information that the plaintiff was directed to look at before making a decision or if the plaintiff was affirmatively directed to look at that for something other than a decision that had been made. If you want to make payments, please contact us here. And it said the website is Solomon Payment. The websites in the brief that refer to communications which were directed to potential clients, those websites aren't disclosed in the brief or in the briefing in the underlying case. There's also a phone number and there's also e-mails if you have other kinds of questions. If you were still making a decision, you go and you call somebody up and you talk to a person. If there's some problem with that, that's a different issue. You evaluate that communication. But this is Solomon Payments. You're deciding you're paying the money. What do you say that it appears this is a little off the record. Maybe it's not too respectable for me to say. He's in California. I'm not in California. We're in the people's republic. Everything is liable. So you change your website. It's not a criminal case, but in a criminal case, they call it evidence of guilt. Meanwhile, since this whole case, you've changed your Zoom on the website. So it doesn't say the same thing it said. Now, is that a criminal law? That certainly would be evidential to show consciousness of guilt or I forget what they call it. A wrongdoing or something of that nature. I'm sorry. Is that an observation or a question? Well, what I'm saying, you changed your tune in the website since the website originally said what it said. That doesn't point out that you're a law firm so quickly. It has a different tune to it. Well, I'm not sure that a subsequent remedial measure would be evidence of something in this instance. Yeah, that would be six. Is that something a fact finder could consider? If there was enough there to get past the motion to dismiss and somebody had to. And none of this was put into the pleadings. None of it was argued. You know, the websites that were referenced in the pleadings and in, well, not even in the pleadings. I mentioned this is not in the record. But I do, it has been brought to my attention that you changed your tune in the website. Not by us, but I think it was law clerks. Well, I'm not entirely sure what thing we changed our tune for, but the website. Does not read the same as the time that you sent this letter. I actually, because of where we were in the pleadings, I didn't complete the discovery to find the different websites over the different times, Your Honor. Okay. Thank you. Thank you, Mr. Jones. Mr. Jones, there was one thing Mr. McDevitt did. He let us ask questions. We didn't have to speak over him. I just tossed that out for observation. I apologize. I get told that quite often at home as well. Too often, actually. I got to be frank. I look at that letter, okay, and I try to view it from the position of the least sophisticated consumer, and I don't even think it could even go to the website, okay. I can't read that letter and imagine who else besides a law firm with the name Solomon and Solomon PC is sending Ms. Daniels a letter about her Niagara electric bill, okay. I think it's pretty clear. This is also off the record, and totally not germane, but how she didn't care, well, I believe, the connection to Niagara. That's Buffalo. And you recount it. It's not like it was her ticket. I don't know the particulars behind it, Your Honor. I'm just curious. It's not relevant. It probably looks as though it must have been for a while because it's for a sizable amount of money. So a least sophisticated consumer thinks Solomon and Solomon PC is the debt collection agency's corporate name? I mean, why isn't that as reasonable for a least sophisticated consumer as it's a doctor, architect, lawyer? Well, I mean, a doctor or an architect wouldn't be sending a debt collection letter. But what about my other hypothetical that it was just an organizational entity. The debt collector decided they wanted to have the benefits of the corporate protection. But a debt collection agency would then have INC behind it or wouldn't have PC. Because they're not authorized to be PC. PC is for certain learned professionals. But PC is a least sophisticated debt. I didn't know that. That's a pretty common knowledge. I think even a least sophisticated consumer knows that. That PC is a collection of professionals? That PC stands for professional, you know, it stands for professional corporation. But couldn't a least sophisticated consumer think a professional is anyone who's specialized in a subject area? I think they could possibly think that, but then that would mean that it's misleading because it's subject to more than one interpretation, and one which certainly isn't true. And if something's subject to multiple interpretations, and one of those interpretations is inaccurate, that's by definition under the FDCPA misleading. But I think even if you look into the letter, we talked a lot about the website, but if you look at the letter in its totality, if you call the 800 number, is it a law firm that answers the telephone? Do you know you're talking to a law firm? It's not in the record, so... I attempted to do that this morning, but I couldn't be sure that the answer I got was the same answer that the other one got. There's an e-mail address as well. If you e-mail it, are you e-mailing to the law firm? I think the dangerous thing here is that if we allow law firms to take the ESQ off of the attorney's name or simply redact from their letterhead attorneys at law, we're then going to allow every collection of law firms to drop letters into jurisdictions that they're not licensed without disclosing that they're attorneys. So you would like us to come up with a rule that says if a law firm is acting as a debt collector, it must disclose its identity as a law firm. I think that rule already exists. I don't think you have to create a new one. I think that already exists. And let me just give you an example. Many collection agencies try to use names like a law firm to sound like a law firm to kind of scare the consumer because the consumer knows that when a debt goes to a law firm, the price of poker has gone up, okay? A well-quoted phrase from a lot of the circuits. A lawyer gets the consumer's knees, you know, bouncing back and forth. They get nervous about it, okay? They know something could happen. So debt collection agencies sometimes go out and they try to get names, they'll try to use names that sound like a law firm. Fellow Cohen Associates and those type of things where you read it and I've had judges say, is this a law firm? And I scratch my head. I said, the judge doesn't know if it's a law firm or not. How is the least sophisticated consumer supposed to know that, okay? The point is what they're trying to do is they're trying to get them to call, and I believe that the consumer knows that Solomon & Solomon is a law firm and they're not disclosing that they can't actually take. But she didn't call. That's the problem with the argument, though. It might be a perspective to the argument. I would respectfully submit that it should either be reversed or we should be allowed, my client should be given the opportunity to re-plead. And if she can re-plead, we can re-plead, and then they can make a 12B6 motion down below and let the judge make a decision on that. But I think if that's what the decision is based on, I think my client should be given the opportunity to re-plead the complaint. Thank you. Thank you.